**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

**CRIMINAL NO. 17-20662**

**vs.**

**HON. DAVID M. LAWSON**

**OFFENSE: 18 U.S.C. § 371**

**D-1   CELIA WASHINGTON,**

**MAXIMUM PENALTIES:**
**Up to 5 Years Imprisonment**
**Defendant.**                          **Up to $250,000 fine**
**Supervised Release: 3 years**

_____/

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

CELIA WASHINGTON and the government agree as follows:

**1.    Guilty Plea**

**A.    Count of Conviction**

The defendant will enter a plea of guilty to Count One of the Indictment, which

charges her with conspiracy to violate 18 U.S.C. § 666, in violation of 18 U.S.C.

§§ 371 and 666(a).

**B.    Elements of Offense**

The following are the elements of the crime of conspiracy to violate 18 U.S.C.

§ 666:

1. Defendant agreed with at least one other person to commit the crime of federal program bribery;

2. Defendant joined the conspiracy knowing of its object and intending to help accomplish the object; and

3. A member of the conspiracy committed at least one overt act in furtherance of the conspiracy.

4. The following are the elements of the crime of federal program bribery:

   a)    Defendant, an agent of a local government, corruptly accepted or agreed to accept something of value;

   b)    Defendant did so with the intent to be influenced or rewarded in connection with a business, transaction or series of transactions with that local government;

   c)    The business, transaction or series of transactions involved something of value of $5,000 or more; and

   d)    The local government received $10,000 or more in federal assistance in a one-year period before or after the time of the offense.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for defendant's guilty

plea:    2015 RMB AR dw

From ~~2016,~~ through June 2017, the defendant was an agent of the City of

Detroit, Michigan, in that she was employed as a legal advisor to the Chief of the

Detroit Police Department, with the title of Deputy Chief of Police. Part of the

defendant's job responsibilities included providing advice to the officer in the Detroit

Police Department who was acting as the liaison to private towing companies.

- 2 -

In approximately February ~~2016~~ 2015, an owner of multiple towing companies (the "owner"), which held towing permits in the City of Detroit, met with the defendant. During the meeting, the owner gave the defendant approximately $3,000 to $4,000 in cash in an envelope. The defendant accepted the envelope from the owner. The defendant knew that one of the reasons that the owner was giving the defendant this money was to influence and reward the defendant in connection with the police department's consideration of the distribution of permits to towing companies. The owner hoped that the defendant would provide official assistance in securing a favorable rotation of towing companies for the owner. The defendant maintains that she accepted the money from the owner as a loan, which she intended to pay back. Defendant further maintains that when she accepted the money from the owner, she never intended to assist the towing owner with his rotations, and she did not do so. At the time, a single towing rotation in the City of Detroit was worth well in ~~access~~ excess of $5,000 in calendar year ~~2016~~ 2015.

In the calendar year ~~2016~~ 2015, the City of Detroit received in excess of $10,000 in federal assistance.

2.      **Sentencing Guidelines**

A.      **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.    **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the parties recommend that the defendant's guideline range is **18-24 months**, as set forth on the attached worksheets. The defendant is free to seek a sentence of probation at the time of sentencing. If the Court finds:

1. That defendant's criminal history category is higher than reflected on the attached worksheets, or

2. that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **18-24 months**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

**3.    Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

**A.    Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B.

**B.    Supervised Release**

A term of supervised release follows the term of imprisonment. The Court must impose a term of supervised release, which in this case is up to three years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

**C.    Special Assessment**

The defendant will pay a special assessment of $100 at the time of sentencing.

D.   **Fine**

The parties agree that the fine will be no more than the maximum amount of $250,000.

E.   **Restitution**

The Court shall order restitution to every identifiable victim of the defendant's offense.

4.   **Defendant's Law License**

The government agrees not to take any position concerning the defendant's law license before the state bar of Michigan Attorney Grievance Commission or any other body of the state bar.

5.   **Other Charges**

If the Court accepts this agreement, the government will not bring any additional charges based on defendant's conduct described in this agreement. At the time of sentencing, the government agrees to dismiss Count Two of the indictment.

6.   **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which defendant may withdraw from this

agreement.  The Court shall advise defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

7.    **Appeal Waiver**

If the sentence imposed falls within the guideline range recommended by defendant in Paragraph 2B, above, defendant waives any right to appeal her conviction.  Defendant retains her right to directly appeal the Court's adverse determination of any disputed sentencing issue that was raised at or before the sentencing hearing.  The government agrees not to appeal any sentence within the guideline range it has recommended in Paragraph 2B, but retains the right to appeal any determination by the Court to apply a lower range or to impose a sentence below the guideline range that is unreasonable.

8.    **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing her to withdraw her guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives her right to

challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 9.      Parties to Plea Agreement

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

### 10.      Scope of Plea Agreement

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

## 11. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by 5:00 P.M. on January 3, 2018. The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

DANIEL L. LEMISCH
Acting United States Attorney


_____              _____
DAVID A. GARDEY                        R. MICHAEL BULLOTTA
Assistant United States Attorney       Assistant United States Attorney
Chief, Public Corruption Unit

Dated:  January 2, 2018

By signing below, defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. Defendant agrees that she has had a full and complete opportunity to confer with her lawyer, and has had all of her questions answered by her lawyer.


_____              _____
ARNOLD E. REED                         CELIA WASHINGTON
Attorney for Defendant                 Defendant

_1 - 2 - 18_____              _1 - 2 - 18_____
Dated                                  Dated

- 9 -

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.   **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2C1.1(a)(1) | Base Offense Level | 14 |
| 2C1.1(b)(3) | Offense involved public official in a high-level decision-making and/or sensitive position | 4 |
| | | |
| | | |
| | | |

2.   **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

18

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*

✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*

✓

A-2

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

## WORKSHEET D (Guideline Range)

1.  **(COMBINED) ADJUSTED OFFENSE LEVEL**
    Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

    **18**

2.  **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

    **-3**

3.  **TOTAL OFFENSE LEVEL**

    Enter the difference between Items 1 and 2.

    **15**

4.  **CRIMINAL HISTORY CATEGORY**

    Enter "I" if the defendant has no criminal history.  Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

    **I**

5.  **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
    a.  Total Offense Level:  If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.
    b.  Criminal History Category:  If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

6.  **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
    Enter the guideline range in the Sentencing Table (see U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

    **18-24**

    months

D-1

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

7.  **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



months

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. Imposition of a Term of Probation (U.S.S.G. § 5B1.1)

   [X]
   1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ]
   2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ]
   3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. Length of Term of Probation (U.S.S.G. § 5B1.2)

   [ ]
   1. At least 1 year but not more than 5 years (total offense level ≥ 6)

   [ ]
   2. No more than 3 years (total offense level < 6).

   c. Conditions of Probation (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [X]
   a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [ ]
   b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

4.   **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a.   <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)
      The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b.   <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

☐   1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

☒   2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

☐   3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

☐   4. The statute of conviction requires a minimum term of supervised release of _____ years.

   c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)

      The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5.   **RESTITUTION (U.S.S.G. § 5E1.1)**

☐   1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

☐   2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

E-2

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

4. The parties agree that the court *may also* order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

5. [X] Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a. Fines for Individual Defendants

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b. Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $7,500 | $75,000 |

E-3

| Defendant: | Celia Washington | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20662 | Statute(s): | 18 U.S.C. §§ 371 and 666(a) |

7. **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
   The court must impose a special assessment on every count of conviction.   The special assessments for individual defendants are:
   - $100.00 for every count charging a felony ($400 for a corporation),
   - $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
   - $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
   - $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

   The defendant must pay a special assessment or special assessments in the total amount of $100_____ .

8. **FORFEITURE (U.S.S.G. § 5E1.4)**

   [ ] Assets of the defendant will be forfeited.          [ ] Assets of the defendant will not be forfeited.

9. **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**

   List any additional applicable guideline, policy statement, or statute.

   _____

   _____

10. **UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)**
    List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

(Rev. April 2014)